IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERRY L. MEIER,

    Plaintiff,

v.

ERIK K. SHINSEKI, *et al*.

    Defendants.

No. C 13-00189 WHA

**ORDER REQUESTING ADDITIONAL BRIEFING**

In this FTCA action, defendants filed a motion to dismiss. The hearing for that motion was postponed until May 9, 2013, pending plaintiff's motion to disqualify the undersigned judge.

This order requests additional briefing from both parties regarding the timeliness of plaintiff's complaint. Plaintiff cites the FTCA as the sole basis for subject-matter jurisdiction in this action. Under 28 U.S.C. 2401,

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun *within six months after the date of mailing*, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. 2401(b) (emphasis added). Our court of appeals has held that the six-month statute of limitations is absolute, cannot be equitably tolled, and a jurisdictional matter: "the six-month statute of limitations in § 2401(b) is jurisdictional and . . . *failure to file a claim within that time period deprives the federal courts of jurisdiction*. Accordingly, the doctrines of equitable

estoppel and equitable tolling do not apply." *Marley v. United States*, 567 F.3d 1030, 1038 (9th Cir. 2008) (emphasis added).

According to plaintiff, he submitted a claim to the VA on July 5, 2012 (Compl., Exh.13). The VA rejected his claim in a letter dated July 12, 2012 (Compl., Exh. 16). The record shows that plaintiff's complaint was filed on January 14, 2013, at which point the six-month period appeared to have passed.

This order requests additional briefing from both parties as to why this action should not be dismissed in light of *Marley*. The parties' responses must address the following questions: (1) can plaintiff's letter to the VA dated July 5, 2012, be properly construed as an administrative claim; (2) can the VA's letter to plaintiff dated July 12, 2012, be properly construed as a final denial of a claim under Section 2401(b); and (3) is July 12, 2012, the proper date to use as the start of the six-month period under Section 2401(b)? Furthermore, in *Adams v. United States*, our court of appeals held that in order to invoke the FTCA's statute of limitations, the government "must also strictly comply with § 2401(b)'s requirement that administrative denial letters be sent by certified or registered mail." 658 F.3d 928, 933 (9th Cir. 2011).

The parties' briefs must be limited to five pages, and submitted by **NOON, MAY 3, 2013.** In light of the hearing scheduled before Judge Jon Tigar on plaintiff's motion to disqualify the undersigned judge, the Court will defer ruling on the pending motion to dismiss until after the motion to disqualify is adjudicated.

**IT IS SO ORDERED.**

Dated: April 24, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2