IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERRY L. MEIER,

    Plaintiff,

v.

ERIK K. SHINSEKI, Secretary of Veterans Affairs, E. DOUGLAS BRADSHAW, VA Assistant General Counsel, SUZANNE C. WILL, VA Regional Counsel for Region 18, SHEILA M. CULLEN, Director of VA Sierra Pacific Network (VISN 21), BRIAN J. O'NEILL, Director of VA Northern California Health Care System, SHANNON CASTON, VA NCHCS Privacy and FOIA Officer, and UNITED STATES OF AMERICA,

    Defendants.

No. C 13-00189 WHA

**ORDER GRANTING MOTION TO DISMISS**

## INTRODUCTION

In this FTCA action, defendants move to dismiss plaintiff's complaint. For the reasons stated below, defendants' motion to dismiss is **GRANTED**.

## STATEMENT

**1. PLAINTIFF'S FIRST LAWSUIT.**

In 2005, pro se plaintiff Terry L. Meier, a lawyer, filed an FTCA action against the United States alleging injuries from various colonoscopy procedures performed at the Veterans Administration Outpatient Clinic in Martinez. Several of his claims were dismissed, but three of his claims proceeded to a bench trial. *Meier v. United States*, No. C 05-4404, 2006

WL 3798160 (N.D. Cal. Dec. 22, 2006) ("*Meier I*"). Following trial, this Court dismissed plaintiff's remaining claims on jurisdictional and sufficiency of the pleading grounds, and our court of appeals affirmed. *Meier v. United States*, 310 Fed. App'x 976 (9th Cir. 2009). In 2009, the United States Supreme Court denied a petition for writ of certiorari.

After the unsuccessful appeal, costs were taxed against plaintiff. Plaintiff sought review of the taxation of costs, and an order issued, reducing the total costs awarded (No. 05-4404 WHA, Dkt. No. 142). An order in July 2009 denied plaintiff's motion for reconsideration (No. C 05-4404 WHA, Dkt. No. 148). Plaintiff also wrote a letter to the Court in May 2009, asserting that certain personal information had been published in defendant's public filings made by the defendant at various points in the earlier litigation. In response, the government worked with plaintiff to identify several documents whose original redaction may have faded with time; the government then replaced those documents with boldly redacted versions, which were in turn placed under seal. In October 2009, an order granted plaintiff's motion to review and photograph the sealed documents, and deemed the entire matter concluded (No. C 05-4404 WHA, Dkt. No. 160).

### 2. PLAINTIFF'S SECOND LAWSUIT.

Years later, on July 5, 2012, plaintiff filed an administrative claim with the Department of Veteran Affairs ("VA") (Compl., Exh. 13). In it, plaintiff listed ten claims for relief, many of which related to plaintiff's earlier litigation. The VA responded a week later, contending that there was no basis to consider the administrative claim because it was premised on the earlier litigation. On January 14, 2013, plaintiff filed the instant FTCA action, including many allegations that were in his rejected administrative claim.

Plaintiff also filed a motion to disqualify the undersigned judge, which motion was assigned to Judge Jon Tigar (Dkt. No. 14). The hearing for defendants' motion to dismiss was postponed until Judge Tigar made his ruling on the motion to disqualify. Judge Tigar denied the motion in April (Dkt. No. 34). Now, after a full hearing and review of the parties' submissions, this order turns to analyze defendants' motion to dismiss**.**

**ANALYSIS**

1. **LEGAL STANDARD.**

To survive a FRCP 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, if accepted as true, states a claim for relief plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A facially plausible claim must specify sufficient factual allegations from which reasonable inferences establishing the defendant's liability can be drawn. *Ibid.* While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted).

As for the FTCA, our court of appeals has made clear that it "provides a limited waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment. . . . Under the FTCA, the United States may be held civilly liable for the torts of its employees 'in the same manner and to the same extent as a private individual under like circumstances.'" *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000) (internal citations omitted). Thus, liability "arise[s] from state statutory or decisional law." *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1026 (9th Cir. 2001).

Defendants argue that all of plaintiff's claims were previously litigated or could have been litigated, and are therefore, precluded. In the alternative, defendants argue that some or all of plaintiff's claims should be dismissed because California law does not authorize some of plaintiff's claims as cognizable torts; the FTCA's statute of limitations acts as a bar; and various FRCP 12(b)(6) deficiencies plague plaintiff's complaint. This order now analyzes whether such expansive claim preclusion exists here, and also whether any of defendants' alternative arguments may apply.

2. **PLAINTIFF'S PERJURY, "FAILURE TO RESPOND," AND "FAILURE TO INVESTIGATE" CLAIMS.**

Plaintiff essentially claims that various government officials either lied or otherwise covered up the lies of others to defeat plaintiff's claims in *Meier I*. Then, "[a]s a direct and proximate result of the aforementioned breach of legal duties and ethical obligations . . . [he] expended in excess of $250,000.00 to prosecute [*Meier I*] from filing through Appeal[]" (Compl.

3

¶ 123). This order finds that while plaintiff's first, second, third, fourth, thirteenth, and fourteenth claims are not barred by res judicata, they suffer from other defects as will now be explained.

*First*, California law affirmatively states there is no tort of perjury. *Pollock v. Univ. of S. Cal.*, 6 Cal. Rptr. 3d 122, 133 (Cal. Ct. App. 2003) (citations omitted). "Perjury is a criminal wrong." *Ibid*. Plaintiff concedes as much in a letter he wrote to Secretary Shinseki (Compl., Exh. 12), and the undersigned judge has so held previously. *See, e.g.*, *Jackson v. City of Pittsburg*, No. C 09-1016 WHA, 2009 WL 1684701 (N.D. Cal. June, 12, 2009). Therefore, perjury cannot be a basis for an FTCA claim.

*Second*, in an apparent attempt to plead around California law, plaintiff dresses up these claims as violations of fiduciary duties or as plain-vanilla negligence torts. To establish defendants' liability, plaintiff quotes at length from the VA's published "core values" and mission statements, as well as statements about physician ethics from organizations like the American Medical Association. Plaintiff also relies heavily on *Meier I*, citing various depositions and testimony from that litigation regarding physician ethics to demonstrate defendants' "admitted legal and ethical duties" here. These materials and statements may have been helpful for litigating the medical malpractice claims in *Meier I*, but they are unavailing to plaintiff here. He fails to properly allege in non-conclusory terms how defendants owed *any* legal or fiduciary duty to plaintiff that could have given rise to claims involving alleged perjury and suppression of evidence.

*Third*, any claims that may be derived from the alleged perjury in *Meier I* are barred by the FTCA's statute of limitations. "Under the FTCA, a tort claim against the United States is barred unless it is presented in writing to the appropriate federal agency 'within two years after such claim accrues[]' [and] . . . [a] claim accrues when a plaintiff knows that he has been injured and who has inflicted the injury. *Winter v. United States*, 244 F.3d 1088, 1090 (9th Cir. 2001) (citations omitted). In his letter to Secretary Shinseki, plaintiff claims he became aware of the alleged perjury on November 20, 2008, which means he had until November 20, 2010 to file an administrative claim. Instead, he filed in 2012, long after the statute of limitations had expired.

4

*Fourth*, any "failure" on defendants' part to investigate the administrative claim plaintiff filed in 2012 cannot be characterized as a tort. This order finds no authority (and plaintiff does not cite one either) that stands for the proposition that such alleged failure is recognized as a tort under California law. The VA rejected plaintiff's administrative claim. Plaintiff's remedy for that is to file this suit, and characterizing the rejection as a breach of fiduciary duty or negligence in and of itself, using conclusory terms does not make it so. Plaintiff's first, second, third, fourth, thirteenth, and fourteenth claims are **DISMISSED WITH PREJUDICE**.

### 3. PLAINTIFF'S PRIVACY CLAIMS.

Plaintiff's seventh, eighth, ninth, and tenth claims all involve alleged privacy violations between November 16, 2006, and August 27, 2009, in various *Meier I* court filings. Plaintiff wrote a letter to the Court in May 2009, asserting that certain personal information was published in the government's public filings at various points in the earlier litigation. In response, the government worked with plaintiff to identify several documents whose original redaction may have faded with time; the government replaced those documents with properly redacted versions; a clerk confirmed the documents at issue were never viewed; and finally, all the documents at issue were placed under seal. An order gave plaintiff until September 9, 2009, to identify any further defects. Plaintiff failed to do so. Accordingly, in October 2009, another order issued, allowing plaintiff to review and photograph the sealed documents and deeming the entire matter concluded (No. C 05-4404 WHA, Dkt. No. 160).

Plaintiff now seeks to relitigate these concerns in a separate action, but he has shown no authority that would allow him to do so. The accused conduct occurred within the four corners of the litigation in *Meier I*, under the supervision of the judge assigned thereto. Any grievance is properly and solely within the purview of *Meier I*, and plaintiff's exclusive remedy was to seek relief in that action — which plaintiff did. Furthermore, because any claim which could arise from allegedly unredacted documents accrued to plaintiff on August 27, 2009 (at the latest), the FTCA's statute of limitations required an administrative claim to be filed by August 27, 2011. Since plaintiff filed his administrative claim in 2012, these claims are barred. Plaintiff's seventh, eighth, ninth, and tenth claims are **DISMISSED WITH PREJUDICE**.

Plaintiff's twelfth claim, while not entirely clear, appears to be asserting the same privacy concerns but cast as a violation of the California constitution. If so, it too would be barred by the statute of limitations. In the alternative, plaintiff could be alleging a different claim entirely; citing to depositions taken in *Meier I*, plaintiff claims that defendants violated the "personal autonomy rights" allegedly guaranteed by California's constitution. It is, however, difficult to gather from plaintiff's complaint *how* defendants violated his personal autonomy rights. One of the *Meier I* depositions quoted at length in the complaint is of a former director of the VA Sierra Pacific Network (Compl. ¶ 219). Plaintiff is merely trying to relitigate *Meier I* claims by dressing up old claims. This conclusion is supported by the complaint's quotations of depositions describing a physician's duties and responsibilities to patients involving their informed consent — a matter already litigated in *Meier I*. If instead plaintiff intended to allege personal autonomy rights violations post-*Meier I*, he failed to do so here. Plaintiff's twelfth claim is **DISMISSED WITH PREJUDICE**.

### 4. PLAINTIFF'S CONVERSION CLAIM.

For his eleventh claim, plaintiff argues that the VA's continued collection of costs taxed to plaintiff after *Meier I* constitutes conversion. This is plainly meritless. Plaintiff had an opportunity to contest the calculation of costs, did so, and even got them reduced. Once the revised costs were taxed, the government has every right to collect them. Plaintiff's eleventh claim is **DISMISSED WITH PREJUDICE**.

### 5. PLAINTIFF'S "PATIENT ABANDONMENT" CLAIMS.

Plaintiff's fifth and sixth claims are characterized as patient abandonment from a breach of fiduciary duties and negligence, respectively. In his complaint, plaintiff does not specify whether these allegations involved the colonoscopy procedures litigated in *Meier I* or if they involved some alleged failures post-*Meier I*. He does, however, refer to the original diagnosis of a high risk of colon cancer in his complaint as when defendants were on "notice" (*id.* at ¶ 143). Also, plaintiff asserts in his opposition that he made no demands for healthcare between September 21, 2004, and January 25, 2011 (Opp. at 16). He then does not allege any specific instance of when he demanded healthcare and was denied it; instead, he merely alleges that he is

6

1  entitled to a lifetime of care. Nor does plaintiff sufficiently allege in non-conclusory terms how
2  defendants here owe him any fiduciary or legal duties.
3  Therefore, this order declines to rule at this time on whether this claim shares the same
4  set of transactional nucleus of facts as previously litigated in *Meier I*. Plaintiff's fifth and sixth
5  claims, however, fail to sufficiently allege any plausible claims and are therefore **DISMISSED**.
6  Per the instructions in the conclusion below, plaintiff may seek leave to amend his complaint to
7  properly allege these claims, including (at the very least) details of *when* he tried to seek care
8  and *how* the VA failed to provide it. Plaintiff should keep in mind that: (1) any alleged failures
9  he could have included in *Meier I* may be precluded; (2) merely stating in conclusory terms
10 that various individuals owe him legal or fiduciary duties may not be enough (even if he quotes
11 various texts on medical ethics at length); and (3) the FTCA's statute of limitations may bar stale
12 claims.

### 6. PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM.

Finally, for his fifteenth claim, plaintiff alleges intentional infliction of emotional distress against all defendants. Because of deficiencies in the complaint, this order cannot at this time determine whether this claim is barred by res judicata. According to plaintiff, defendants' "wrongful acts and omissions" from "January 2003 until present" are "intentional and malicious[,] and were done for the purpose of causing Plaintiff to suffer extreme humiliation, mental anguish[,] and emotional and physical distress[]" (Compl. ¶¶ 255–56). If plaintiff refers to alleged torts he already or could have litigated in *Meier I*, those claims may very well be barred by res judicata. Alternatively, plaintiff may have a valid claim if he meant to allege torts he could *not* have litigated in *Meier I*. This order is left guessing. For example, plaintiff could be referring to the post-*Meier I* letters the various defendants wrote as the "aforementioned acts and omissions" constituting the alleged intentional infliction of emotional distress. It is unclear, and so plaintiff's fifteenth claim must be **DISMISSED**. Per the instructions in the conclusion below, plaintiff may seek leave to amend his complaint to properly allege (if true) how these letters (or any other conduct) constituted intentional infliction of emotional distress. Any amended complaint must do so in non-conclusory terms, and not by merely reciting the

7

elements of the tort. Plaintiff should keep in mind that any allegations sharing an identity of claims as those already litigated in *Meier I* may be precluded, and that the FTCA's statute of limitations still applies.

## CONCLUSION

For the reasons mentioned above, defendant's motion to dismiss plaintiff's complaint is **GRANTED.** Plaintiff and defendants' requests for judicial notice are **DENIED**. Plaintiff's motion for *in camera* review of *Meier I* filings is **DENIED**. Plaintiff may file a motion to obtain leave to amend his complaint and will have until **MAY 30, 2013**, to file such a motion, noticed on the normal 35-day track. A proposed amended complaint must be appended to his motion. Plaintiff should plead his best case. The motion should clearly explain how the amendments cure the deficiencies identified herein, and should include as an exhibit a redline or highlighted version of the new complaint identifying all changes. If such motion is not filed by the deadline, this case will be closed.

**IT IS SO ORDERED.**

Dated: May 9, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8